### Sicari v. Barua et al.

*Patsy A. Iezzi, Jr.* and *Donald P. Tarosky,* for plaintiffs.

*Steven W. Alm, William R. Carroll* and *D. Kent Fonner,* for defendants.

SHAULIS, *P.J.,* July 29, 1986 — This matter comes before the court upon defendant's filing of exceptions to sheriff's return and schedule of distribution.

## FACTS

The instant matter involves a claim upon a mortgage note executed by the defendants, Patricia M. Rodgers and Chandrima Barua, on March 1, 1982.

Basically, the note embodies a loan transaction whereby plaintiffs, Sandra Janice Sicari and Stephine A. Sicari, loaned defendants $32,000 at an interest rate of 16.5 percent. When defendants became delinquent in their loan payments, as specified under the mortgage contract, the plaintiffs instituted the instant action. On June 18, 1985, an order of this court was entered settling the case according to a stipulation entered into by the parties. A judgment was entered in the amount of $19,600. Included in the amount due is an interest charge of 16.5 percent continuing after this court's order up to the time of sale of property. It is this interest charge that defendants contest instantly.

## DISCUSSION

Defendants argue that post-judgment interest is limited to the legal rate of 6 percent. Defendants make this argument in spite of the fact that they agreed in court to a different rate of interest. The legal rate of interest is set forth in 42 Pa.C.S. §8101 which states:

"§8101. Interest on Judgments.

Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award."

It is this statute that we must interpret in order to solve the issue presently before us.

Put simply, the issue is: May private parties freely contract for a rate of interest on a judgment that will apply until that judgment is satisified? Though our research discloses little case law on this issue, Dunbar v. Dunbar, 9 D. & C. 3d 214 (1977), is on point.

In that case the parties did not agree to any post-judgment rate of interest, and therefore, the court held that the proper rate to be applied was 6 percent. However, the Dunbar court went on to state that:

"Had the parties intended otherwise, they could easily have so provided in the agreement. Yet, the instruments are silent on this point and the judgment creditor, having drafted and presented the notes to plaintiff and defendant for their signatures, may not now benefit from its own omission." Id. at 217-18. We believe that the Dunbar court's reasoning is based upon sound economic, as well as proper legal reasoning. The 6 percent legal rate of interest, we believe, is a gapfiller to be used when parties either have not contracted for a specific rate of interest, or when parties have agreed to interest "at the legal rate." The legal rate of 6 percent was not, in this court's opinion, enacted by the legislature as an absolute mandate that would inhibit freedom of contract, and as a result, complicate settlement negotiations. In summary, we believe that section 8101 must be interpreted with well founded contract principles in mind.

Finally, we note that Pennsylvania's 6 percent legal rate of interest ignores economic realities. This post-judgment interest rate has not changed since the 18th century. It is the lowest legal interest rate among the states that do not employ a variable interest rate. 23 Duq. L. Rev. 1083, 1084 (1985). Therefore, to ignore the agreed upon interest rate in this case, and to apply the 6 percent rate, ten and one-half percentage points lower than the agreed upon rate, would be to punish the mortgagee. However, it was the mortgagor who violated the contract. It was the same mortgagor who agreed to a post-judgment rate of 16.5 percent, a rate identical to that under

the terms of the mortgage contract, and a rate that was reached through the bargaining process. Therefore, in order to make the mortgagee whole, we will enforce the agreement made before this court, and allow the rate of interest agreed upon 16.5 percent. The opinion thus far refers to only Count 3 of defendant's exceptions. Counts 1 and 2 have no merit at all and need no further explanation.

## ORDER

And now, this July 29, 1986, defendant's exceptions to Sheriff's return and Schedule of Distribution are dismissed; and, the Sheriff's Return and Schedule of Distribution are confirmed.